IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTONIO DOS SANTOS CARLOS**                                **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 5:20-cv-72-DCB-MTP**

**SHAWN R. GILLIS**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Petitioner's Petition [1] for Writ of Habeas Corpus, Petitioner's Motion for Release [12], and Respondent's Motion to Stay Case or, in the Alternative, Motion for Transfer of Venue [14]. Upon a review of the record, the undersigned recommends dismissal of the instant habeas petition [1] and denial of the Motion for Release [12] as duplicative to the Petitioner's pending civil habeas action in the United States District Court for the Western District of Louisiana, *Santos-Carlos v. Barr, et al.*, case number 1:19-cv-878-DDD-JPM (W.D. La. Jul. 8, 2019).

## BACKGROUND

Petitioner, a citizen of Angola, is currently held in Immigration & Customs Enforcement ("ICE") custody at Adams County Detention Center ("ACDC"). On August 8, 2017, Petitioner arrived at the U.S. border on foot and sought asylum. *See* Petition [1] at 6. On February 9, 2018 an immigration judge ordered Petitioner to be removed to his home country and denied his asylum claim. *See* Response [10-1] at 2. Petitioner appealed both decisions, but the Board of Immigration Appeals dismissed his appeal on June 14, 2018. *Id.*

On July 8, 2019 while he was housed at La Salle Detention Facility in Jena, Louisiana, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court of the Western District of Louisiana. *See Santos-Carlos v. Barr, et al.*, 1:19-cv-878-DDD-JPM (W.D.

La. Jul. 8, 2019). Thereafter, Petitioner was transferred to ACDC. *See* [10-1] at 1. He filed the instant Petition [1] on March 19, 2020.

Petitioner also filed a Motion for Release [12] in this case on June 3, 2020, arguing that he is at a "heightened risk of suffering from life threatening complication[s]" if exposed to COVID-19.[1] *Id.* Respondent opposes Petitioner's Motion [12], claiming that extensive measures have been taken to safeguard detainees' health at ACDC. *See* [17]. Petitioner also filed a Motion for Release in the habeas matter that is before for United States District Court of the Western District of Louisiana on June 9, 2020. It was denied on August 7, 2020.

## DISCUSSION

After careful review of the docket entries, pleadings, and court documents filed in *Santos-Carlos v. Barr, et al.*, 1:19-cv-878-DDD-JPM (W.D. La. Jul. 8, 2019), it is clear that the issues presented in the instant habeas action are currently pending before the United States District Court for the Western District of Louisiana.

Petitioner filed his Petition [1] in this Court claiming four grounds for release. First, he claims that he is being detained beyond the presumptively reasonable time period for continued removal efforts in violation of the Supreme Court's finding in *Zadvydas*. *See* Petition [1] at 6; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). This claim is also discussed as Ground One in the Louisiana Petition. *See* [14-2] at 6. In Ground Two, Petitioner claims his removal is not reasonably foreseeable in order to justify his continued detention. *See* Petition [1] at 6. This same claim is discussed in his Request for Relief in the pending Louisiana Petition. *See* [14-2] at 7. In Ground Three, Petitioner claims he is "stateless" after an interview with an Angolan official who he alleges refused to issue travel documents for his removal. *See* Petition [1] at 6. This is part of

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html

Ground One in his Louisiana Petition. *See* [14-2] at 6. Ground Four of the instant Petition [1] and Ground Four of the Louisiana Petition are essentially identical and reference the "Suspension Clause" and the jurisdiction of the courts. *See* Petition [1] at 7; *see also* [14-2] at 7.

When a civil action is duplicative of another action filed in federal court, the district court may dismiss such an action. *See Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1274, 1275–76 (3rd Cir.1987) (quoting *Landis v. N. Amer. Co.*, 299 U.S. 248 (1936); *see also Chrysler Credit Corp. v. Marino*, 63 F.3d 574, 578 (7th Cir.1995) ("A federal suit may be dismissed for 'reason of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993)); *see e.g. Diaz v. Pearson*, No. 5:10-cv-4-DCB-MTP, 2010 WL 2696281, at 1* (S.D. Miss. July 2, 2010); *see also Onenese v. Barr*, No. 4:19-cv-0164-KOB-JHE, 2020 WL 1231876 (N.D. Ala. Mar. 13, 2020); *see also Barapind v. Reno*, 72 F. Supp.2d 1132 (E.D. Cal. 1999*); see also Flowers v. Trombley*, No. 2:06-cv-10726, 2006 WL 724594, at *1 (E.D. Mich. Mar. 17, 2006).

Petitioner has also filed a motion in this Court requesting release due to COVID-10 concerns at ACDC. Motion [12]. However, Petitioner's claim that he is at a "heightened risk of suffering from life threatening complication[s]" if exposed to COVID-19 at ACDC has already been addressed. He filed an analogous Motion for Release in the case in the Western District of Louisiana, and the Motion was denied on August 7, 2020. Since his Motion for Release [12] contains the same claims about COVID-19 exposure at ACDC, and those claims were already addressed by the United States District Court for the Western District of Louisiana, Petitioner's Motion for Release [12] regarding COVID-19 filed in this Court should be denied as duplicative.

After full consideration of the claims and arguments of the parties, the undersigned recommends that instead of staying or transferring the Petition [1] as suggested by Respondent's Motion [14], the Court should dismiss this Petition [1] without prejudice. When a plaintiff files a second complaint alleging the same claim as a prior, pending, related action, the second complaint may be dismissed. *See Zerilli v. Evening News Assn.*, 628 F.2d 217, 222 (D.C. Cir. 1980). "A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions." *See Flowers*, No. 2:06-cv-10726, 2006 WL 724594 at *1; *see also Barapind*, 72 F. Supp.2d at 1145.

In the alternative, Respondent moved that this Petition [1] be transferred to the Western District of Louisiana to be consolidated with his previously filed petition. As discussed above, since the petitions pending in both courts contain the same claims, a consolidation would not alter the petition pending before the Western District of Louisiana. All of Petitioner's claims in the instant Petition [1] are addressed in the previous petition, and his claims can be fully adjudicated by the United States District Court of the Western District of Louisiana.

After comparing the pleadings filed in the instant action to the previously filed petition, the undersigned has determined that this petition is essentially the same as the Petitioner's pending habeas petition in the United States District Court of the Western District of Louisiana. "Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *See Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). The issues raised by Plaintiff in this Petition [1] are already before the court in the Western District of Louisiana and will be addressed in due course. Consequently, the undersigned recommends that this habeas petition be dismissed without prejudice as duplicative.

## RECOMMENDATION

As Petitioner already has a pending habeas petition in the United States District Court for the Western District of Louisiana based on the same issues presented, the undersigned recommends that this petition be DISMISSED without prejudice and Petitioner's Motion for Release [12] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 28th day of September, 2020.

s/Michael T. Parker<br>United States Magistrate Judge