```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

ANTONIO DOS SANTOS CARLOS                                    PETITIONER

VS.                              CIVIL ACTION NO. 5:20-CV-72-DCB-MTP

SHAWN R. GILLIS                                              RESPONDENT

## ORDER

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 22], to which no objections have been filed. Having carefully reviewed the Report and Recommendation, the Court finds it to be well taken and hereby adopts it as the findings and conclusions of this Court.

Magistrate Judge Parker finds that Petitioner Antonio Dos Santos Carlos's Habeas Petition [ECF No. 1] should be dismissed without prejudice and Petitioner's Motion for Release [ECF No. 12] should be denied.

Petitioner, a citizen of Angola, is currently in Immigration & Customs Enforcement ("ICE") custody at Adams County Detention Center ("ACDC"). Prior to arriving at ACDC, Petitioner was housed at La Salle Detention Facility ("LSDF") in Jena, Louisiana. While at LSDF Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court of the Western District of Louisiana. See Santos-Carlos v. Barr, et al., 1:19-cv-878-DDD-JPM

(W.D. La. Jul. 8, 2019). After Petitioner was transferred to ACDC, he filed the instant Petition [ECF No. 1].

Petitioner's pending habeas petition in the United States District Court for the Western District of Louisiana, makes this action duplicative. When a civil action is duplicative of another action filed in federal court, the district court may dismiss such an action. See Remington Rand Corp. v. Bus. Sys. Inc., 830 F.2d 1274, 1275- 76 (3rd Cir.1987) (quoting Landis v. N. Amer. Co., 299 U.S. 248 (1936); see also Chrysler Credit Corp. v. Marino, 63 F.3d 574, 578 (7th Cir.1995) ("A federal suit may be dismissed for 'reason of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court.'" (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir.1993)); see e.g. Diaz v. Pearson, No. 5:10-cv-4-DCB-MTP, 2010 WL 2696281, at 1* (S.D. Miss. July 2, 2010); see also Onenese v. Barr, No. 4:19-cv-0164-KOB-JHE, 2020 WL 1231876 (N.D. Ala. Mar. 13, 2020); see also Barapind v. Reno, 72 F. Supp.2d 1132 (E.D. Cal. 1999); see also Flowers v. Trombley, No. 2:06-cv-10726, 2006 WL 724594, at *1 (E.D. Mich. Mar. 17, 2006).

Petitioner has also filed a Motion for Release [ECF No. 12] due to Covid-19 concerns. Petitioner's Motion for Release is analogous to his Motion for Release filed in his case in the Western District of Louisiana, which was denied on August 7, 2020.

Since these claims have already been addressed by the Western District of Louisiana, the Court hereby DENIES Petitioner's Motion for Release [ECF No. 12].

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Court ADOPTS Magistrate Judge Parker's Report and Recommendation [ECF No. 22] as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that the Habeas Petition [ECF No. 1] is DISMISSED without prejudice;

IT IS FURTHER ORDERED that Petitioner's Motion for Release [ECF No. 12] is DENIED.

SO ORDERED this the 29th day of October, 2020.

\s\ David Bramlette
UNITED STATES DISTRICT JUDGE